No. 16,253.

SKINNER AND ANDREWS COMPANY *v.* SATTERFIELD.

(216 P. [2d] 431)

Decided March 6, 1950.

Messrs. Wolvington & Wormwood, for plaintiff in error.

Mr. Isaac Mellman, for defendant in error.

*En Banc.*

Mr. Justice Alter delivered the opinion of the court.

E. S. Toy sought judgment against Ruth Satterfield for a balance of $1710.16 allegedly due him for material and labor furnished defendant at her instance and request. Defendant filed her answer, and, as a third party plaintiff, filed her complaint against Skinner and Andrews Company, a Colorado corporation, in which third party complaint she sought judgment against the third party defendant for any amount which might be obtained as a judgment against her by plaintiff Toy. Trial was had to a jury, and, at the conclusion of all of the evidence, plaintiff and defendant, third party plaintiff, as well as third party defendant, interposed motions for directed verdicts. The court granted plaintiff's motion for judgment against Ruth Satterfield and granted Ruth Satterfield, third party plaintiff's motion for judgment against Skinner and Andrews Company, third party defendant, and judgments were entered accordingly. Skinner and Andrews Company seeks a reversal of the judgment against it by writ of error.

In plaintiff's complaint it is alleged that about De-

cember, 1946, plaintiff, at the special instance and request of defendant, furnished labor and material to said defendant of the reasonable value of $2010.16, upon which account defendant had paid the sum of $300, leaving a balance due and unpaid of $1710.16, for which judgment, together with interest and costs, was prayed. Defendant answered, denying the allegations of the complaint, except she admits the payment of $300 on account of labor and materials furnished by plaintiff and denies all other indebtedness. For a second and further defense, defendant alleges that Skinner and Andrews Company, a Colorado corporation, during the month of February, 1946, installed a certain burner in defendant's boiler, and thereafter, through the negligence of said Skinner and Andrews Company, or its agent, it became necessary to replace a portion of said boiler; that the Skinner and Andrews Company employed plaintiff to make the necessary repairs, and, by reason of the negligence of plaintiff and Skinner and Andrews Company, or one of them, it became necessary to replace the entire boiler, and that the $300 which she had paid plaintiff was on account of the additional cost for a larger boiler than the one which was by him replaced. At the time of filing the answer, defendant also filed a third party complaint in which she alleged that in February, 1946, Skinner and Andrews Company installed a burner in her boiler, and that by reason of their negligence in so doing, it became necessary to replace a portion thereof. Subsequently Skinner and Andrews Company employed plaintiff to make certain repairs upon the boiler, and, by reason of the negligence of plaintiff or Skinner and Andrews Company, it became necessary to replace the entire boiler. Further it is alleged that the only boiler obtainable was larger than the one to be replaced, and that the sum of $300, representing the additional cost, was paid by defendant and third party plaintiff to E. S. Toy. In her third party complaint she prays judgment against Skinner and Andrews Company in an amount

equal to any judgment which may be obtained against her by E. S. Toy, and for costs.

Skinner and Andrews Company, third party defendant, filed an answer and cross complaint in which the first defense was a general denial. For a second defense it plead a release from the owner of the premises by which it was relieved of all liability whatsoever by reason of any damage to the boiler thereon. For a third defense it is alleged that the damages, if any, of which defendant, third party plaintiff, complains, were occasioned by E. S. Toy, alleged by her to be the agent of Skinner and Andrews Company, and if held so to be, he alone is liable therefor because in so doing he violated his duty to Skinner and Andrews Company by discharging his duties in a negligent manner. Skinner and Andrews Company, third party defendants, pray that if judgment is rendered against it in favor of third party plaintiff, then and in that event a judgment in like amount be entered in its favor against E. S. Toy, and for its costs.

The defendant, third party plaintiff, filed a reply to the third party defendant's second defense alleging a release from the owner of the premises and in which she admits that, while the boiler was not owned by her, she was a tenant upon the premises, and, under the terms of the lease, was required to maintain it in good condition, subject only to ordinary wear and tear. She further denied on information and belief the release alleged in said second defense in the answer and cross complaint of the third party defendant, and generally denied all other allegations in the third party defendant's answer and cross complaint.

Plaintiff filed his reply to the third party defendant's answer and cross complaint, denying each and every allegation therein contained.

The evidence discloses that in the month of December, 1946, defendant, who was the lessee of a rooming house at 1277 Logan street, in Denver, Colorado, called

plaintiff for the purpose of having him make repairs upon a boiler and heating unit installed in said rooming house owned by the Schwartz Realty Company. It further establishes that some time prior to December and in the spring of 1946, Skinner and Andrews Company had converted the heating unit from coal to a gas burner used to heat the boiler, and that in September, 1946, defendant Satterfield, as she had been instructed by Skinner and Andrews Company to do, called it for the purpose of having some one sent to light the gas conversion furnace. There is competent evidence that the employee of Skinner and Andrews Company lit the furnace without sufficient water in the boiler to prevent damage thereto, and, as a result of so doing, the boiler was practically destroyed for any use, and that plaintiff, after having attempted to repair the same, so notified defendant, third party plaintiff, and advised her that his repair work was temporary only. In December, 1946, the boiler became wholly unusable and had to be replaced by any then available on the market. The only boiler available was larger than the one to be replaced, and the cost thereof, together with labor and repairs on the old boiler, amounted to the sum of $2010.16, upon which account defendant, third party plaintiff, paid plaintiff the sum of $300. Skinner and Andrews Company paid plaintiff for some repairs made to the boiler by reason of an explosion which occurred therein some time prior to October 1, 1946, stating that the reason for so doing was because "it was good business; we just didn't want to fool around" and that while "we didn't think it was our man's fault but in order to be a good sport and good business, we told them if there was anything to the aquastat getting stuck, or something, we will have the man check it." and the amount which is paid was approximately $135 for that repair.

The president of Skinner and Andrews Company based all of his testimony with reference to the condition of the boiler in September, 1946, when it was al-

leged that the damages occurred thereto on account of lighting the furnace without sufficient water in the boiler, upon conversations and reports made to him by his employee, Bruner, who was not called as a witness. This evidence was purely hearsay, and was so designated by the trial judge at the time of his ruling upon the various motions for directed verdicts. It was, and should have been, entirely disregarded by the court in determining motions for directed verdicts.

Skinner and Andrews Company disclaimed all liability for damages to the boiler by reason of a release which was offered and received in evidence, and is now part of the record. An examination of the release discloses that it was executed by Martyn Schwartz, was dated October 23, 1946, and was general in its terms. It specifically released Skinner and Andrews Company, third party defendant, "of and from any and all actions, causes of action, damages or demands of whatever name or nature in any manner arisen, arising or to grow out of any and all accidents or matters and especially an accident to *my person or property claimed by the undersigned [Martyn Schwartz] to have been sustained* on or about the 18th day of September 1946, substantially as follows: Explosion causing damage to furnace at 1277 Logan Street in Denver, Colorado." This release, according to all the evidence, was executed by Martyn Schwartz after plaintiff had made temporary repairs of the boiler sometime the latter part of September or the early part of October, 1946. The record is entirely silent as to any explosion in the boiler in September, 1946, the only evidence being as to one occurring in March, 1946, after which third party defendant installed safety valves. It is admitted that the title to the property located at 1277 Logan street, Denver, Colorado, is in the Schwartz Realty Company, in which company Martyn Schwartz is a part owner.

It also is undisputed that defendant, third party plaintiff, was a lessee of said property, and, while the lease

itself was not produced, it is undisputed that the repairs of the heating plant in the premises was the primary obligation of the lessee, and the only repairs for which the landlord was liable were to the roof.

At the conclusion of all of the evidence, the court, on the motion of attorneys for plaintiff, directed a verdict in favor of plaintiff and against the defendant on his complaint and directed a verdict in favor of plaintiff and against Skinner and Andrews Company, third party defendant, on its cross complaint, and these judgments have now become final and are not the subject of review here.

There was a motion interposed by counsel for Skinner and Andrews Company for a directed verdict on third party plaintiff's complaint, and a motion by third party plaintiff for a directed verdict on her third party complaint against the third party defendant. The court granted third party plaintiff's motion, judgment was entered thereon, and this is the only judgment which is here for review.

Four points are specified as error, which are presented here as two, namely: 1. Error in denying third party defendant's motion for a directed verdict based upon the theory that the freeholder [Schwartz] had executed a full and complete release; and 2. error in refusing to submit the case to the jury for its determination on disputed questions of fact.

1. We have heretofore noted that the lease between the Schwartz Realty Company, the owner of the premises, and defendant, third party plaintiff, was not offered in evidence, but, without objection, it appears from the record that under the terms thereof defendant, third party plaintiff, was legally obligated to keep the heating plant in said leased premises in good condition, ordinary wear and tear excepted. Without any evidence as to the length of the tenancy under the lease, it is apparent from the record that in February, 1949, at the time of the trial, defendant, third party plaintiff, was in posses-

sion of the leased premises, and it is clear from the record that the damages to the boiler and heating unit giving rise to this action occurred in September, 1946. The only competent evidence in the record is that the damages to the boiler were occasioned by the negligence of third party defendant's employee in lighting the heating unit under the boiler when there was no water therein. It also should be noted that while a release was plead and offered and received in evidence over the objection of opposing counsel, nevertheless specific reference is therein made to damages occasioned by an explosion occurring "on or about the 18th day of September, 1946," when the only evidence of any explosion occurring in the heating unit refers to one which occurred in March, 1946, after which date it is undisputed that third party defendant installed safety valves thereon. It should be further noted that the undisputed evidence is that the owner of the premises, as we have said, is the Schwartz Realty Company, and with reference to such ownership Martyn Schwartz testified, "I am part-owner, agent." Nevertheless the release is signed by Martyn Schwartz in his individual capacity and does not purport to be a release executed by the owner of the premises.

As we have said, the only competent evidence in the record relating to the act which necessitated the replacement of the boiler was that of third party defendant's employee in lighting the furnace thereunder without first ascertaining that there was water therein, and it also should be noted that the employee was not called as a witness to testify to the condition of the boiler at the time he lit the heating unit under it. We have heretofore characterized as hearsay all of third party defendant's evidence with reference to the condition of the boiler in September, 1946, when the same was lit by its employee. Under the evidence in this record defendant, third party plaintiff, was legally obligated to replace the damaged boiler at her own expense, and

this is all she sought to recover from the third party defendant in her third party complaint against it.

Summarizing, defendant, third party plaintiff, was the tenant and in possession of the premises at 1277 Logan street, in Denver, Colorado, under a lease from the Schwartz Realty Company; under the terms of the lease she was legally obligated to keep the premises, including the heating unit therein, in good condition and repair, ordinary wear and tear excepted.

■ The tenant, third party plaintiff, was conducting a boarding and rooming house, consisting of twenty-six rooms, and heat was necessary for the maintenance thereof; third party defendant had requested defendant, third party plaintiff, to notify them at the time the heating unit was to be placed in operation in September, 1946—and this she did—so that their employee might light the same; the employee lit the heating unit in September, 1946, without first ascertaining that there was water in the boiler, and, as a consequence thereof, the damages were such as to necessitate the replacement of the heating unit, which replacement cost $2010.16; a payment of $300 by defendant and third party plaintiff thereon having been received by plaintiff, the balance of $1710.16 due thereon remained unpaid at the time of the trial; the release offered and received in evidence related to an explosion occurring in March, 1946, which is the only explosion mentioned in the evidence, and was wholly unrelated to any damages done the heating unit in September, 1946; the release was not signed by the owner of the premises, and, in view of the facts set out in the record, should not have been admitted in evidence.

■ ■ The lease between the Schwartz Realty Company and third party plaintiff was not offered in evidence, but without objection it appeared that third party plaintiff was obligated thereunder to leave the premises at the termination of her lease in as good condition and repair, ordinary wear and tear excepted, as when she

entered into possession thereof. The evidence is uncontradicted that the heating plant at the time of the replacement was unusable for any purpose whatever, and the only competent evidence is that this condition was the result of third party defendant's negligence, and at the termination of the lease, if the heating plant on the premises was entirely destroyed, as the evidence shows, the owner of the premises could recover the entire cost of replacement against third party plaintiff. *Arnold-Evans Co. v. Hardung,* 132 Wash. 426, 232 Pac. 290; *Cincinnati Oakland Motor Co. v. Meyer,* 37 Ohio App. 90, 174 N. E. 154, 45 A.L.R. 9, 12. Her legal obligation, under the terms of the lease, would require this, and, consequently, under a general rule of law, third party defendant is liable to third party plaintiff for the entire cost of the replacement. 32 Am. Jur., p. 216, §233; 51 C.J.S., p. 1045, §354; 8 A.L.R., p. 600.

2. There is no competent evidence in the record, as we have stated, which raises any disputed question of fact, and, consequently, third party defendant was not entitled to have the cause submitted to the jury for consideration.

Defendant in error here, who was third party plaintiff in the action below, files a cross specification of points in which error is alleged, based upon the court's failure to award interest on her judgment against third party defendant. An examination of the record fails to disclose that the question of interest on this judgment was presented to the trial court, and an opportunity afforded it to consider the same. Consequently we cannot pass upon it.

The judgment is affirmed.