No. 17,371.

Wheelock Brothers, Inc. *v.* Lindner Packing and
Provision Company.
(273 P. [2d] 730)

Decided August 16, 1954.   Rehearing denied September 7, 1954.

Messrs. Wolvington & Wormwood, for plaintiff in error.

Mr. David Rosner, for defendant in error.

*En Banc.*

Mr. Justice Holland delivered the opinion of the Court.

April 17, 1950 plaintiff, defendant in error in our Court, delivered 573 boxes of frozen, cooked meats to defendant, plaintiff in error, a common carrier of goods for hire in interstate commerce, for delivery to the property officer Quarter Master Center Market in care of

the Merchants Cold Storage Warehouse at Fort Worth, Texas. The bill of lading was marked, "Perishable— Keep Frozen." As required, the shipment was placed in a refrigerated truck and on arrival at destination, 62 boxes of bologna, 80 boxes of salami, and 9 boxes of frankfurters of the shipment were rejected by the quartermaster center. The shipment was stored in Fort Worth temporarily and returned to Denver by defendant. Plaintiff finally sold the rejected goods to the Colorado State Penitentiary at a loss, including freight charges, in the amount of $1,366.55, for which claim was filed by plaintiff and payment refused.

On October 5, 1950, plaintiff commenced this action for recovery of damage, alleging that the shipment was delivered to defendant in good and marketable condition; that defendant knew the meats were perishable; that the freight charges were paid in full in accordance with the terms of the bill of lading; that the above mentioned rejected portion of the shipment was rejected by the quartermaster center because of improper refrigeration in transit, due to the negligence of defendant.

Defendant answered, admitting all of the factual situation as alleged, but denied that the freight charges had been paid in full; admitted that the meat referred to was rejected, but denied that the rejection was for improper refrigeration in transit due to the negligence of defendant; denied that there was any improper refrigeration; and finally, denied that defendant was negligent in any manner whatsoever.

Trial was to the court without a jury on November 19, 1953, resulting in a finding in favor of plaintiff for damages in the amount of $1,366.55, on which judgment accordingly was entered.

Defendant seeks reversal of the judgment by this writ of error, claiming that the judgment was based on hearsay testimony; that the court erred in denying defendant's motion for dismissal made at the conclusion of plaintiff's case; and that the court further erred in deny-

ing defendant's motion to strike the testimony of one of the two witnesses testifying for plaintiff.

The evidence consists of the testimony of two witnesses and ten exhibits. By competent evidence, plaintiff established, without controversy, that at the time of the delivery of the shipment to defendant, the meats were frozen and packed in boxes marked "Perishable—Keep Frozen"; that the destination of the shipment was the Quarter Master Market Center, Fort Worth, Texas; that the shipment was delivered and partially rejected by the property officer; that the meat was stored and a bid of ten cents a pound was offered and refused; that the meat was returned to Denver and sold by plaintiff to the Colorado State Penitentiary; that the difference between the contract price the army would have paid and the price received from the penitentiary, plus the cost of handling, was $1,366.55; and that a proper claim was made against defendant and payment refused.

The only evidence in the record as to why shipment of the boxes was rejected came from Conway, an officer of plaintiff corporation, who testified that he was in charge of the shipment; that about three days after the shipment had been sent he was notified that part of it had been rejected because the truck carrying the shipment had not had low enough temperature; and that part of the meat was soft. This witness admitted that he did not see the shipment in Texas, and that everything to which he testified concerning its condition on arrival in Texas was what someone else had told him concerning it. This testimony went into the record without objection at the time; however, on cross-examination, it clearly was established that the testimony was hearsay, and an objection to further testimony was sustained. At the close of plaintiff's case, defendant moved for judgment of dismissal for failure to prove a cause of action as alleged in the complaint, and specifically, that there was no competent evidence whatever of improper refrigeration in transit, or of any negligence on the part of defendant.

During the argument of this motion, the trial court indicated that he was inclined to sustain the motion unless the statement of Conway that the meat was soft, and to which no objection had been made at the time it was offered, constituted some evidence of improper refrigeration. Thereupon defendant filed a motion to strike all of the testimony of Conway, concerning the condition of the meat, as hearsay. The ruling of the court was to the effect that the motion to strike presented after plaintiff had rested, came too late, and that the testimony of Conway, which was not objected to, each and every time he made the statement concerning the condition of the meat, constituted some evidence of improper refrigeration, and therefore overruled the motion for dismissal. In its findings, the trial court specifically found that the testimony of Conway was hearsay, but that the objection thereto came too late, and the evidence was considered by the court as though competent for the purposes of a finding and judgment. A motion for new trial setting up the contention made here was filed and submitted on written briefs; it finally was overruled by the court.

■ Under the cases concerning shipment of goods in interstate commerce, it appears that in actions for damages arising out of such shipments, that if plaintiff shows that the damage occurred while the goods were being handled by the carrier, a prima facie case has been made and the burden passes to the carrier to show lack of negligence. Defendant, by its motion for judgment of dismissal and by reason of its contention here, insists that there was no competent evidence establishing negligence on its part. Generally, in order to recover, a plaintiff need only show that the shipment was in good order when turned over to the carrier and that it was in bad order when delivered. In the instant case there is no dispute but what the shipment was received by the carrier in good order, and, substantially, the only question presented is: Was there any showing by competent evi-

dence that the shipment was in bad order when received? The trial court, in summing up the situation stated that there was no "competent" evidence on this question, but there was some hearsay evidence to which there had been no objection, and which was not stricken from the record. The question for our answer is: Does this hearsay evidence, to which no objection was made when presented, but objected to before a ruling was made on a motion by defendant for dismissal of plaintiff's complaint, suffice for the purposes of determining whether a prima facie case had been made? As hereinbefore stated, the trial court specifically found that the testimony of Conway to the effect that all he knew about the condition of the shipment when it arrived at its destination was what someone had told him, was hearsay testimony; however, the court said it was received without objection when presented, and that an objection made after the close of plaintiff's case, and a motion to strike such testimony, came too late. The court's final determination was that this hearsay testimony, together with some surrounding circumstances which lent support to the hearsay testimony, justified a denial of defendant's motions; that the burden fell upon defendant to show affirmatively that the handling of the shipment by defendant was proper; and since defendant offered no evidence, judgment would have to be for plaintiff.

In light of the complete record and the finding of the trial court, it is our conclusion, and we so hold, that the case of *Skinner & Andrews Co. v. Satterfield*, 121 Colo. 365, 216 P. (2d) 431, because of similarity in general principle, is controlling herein. In that case Mr. Justice Alter, in delivering the opinion of the court, made the following statement: "The president of Skinner and Andrews Company based all of his testimony with reference to the condition of the boiler in September, 1946, when it was alleged that the damages occurred thereto on account of lighting the furnace without sufficient water in the boiler, upon conversations and reports made

to him by his employee, Bruner, who was not called as a witness. This evidence was purely hearsay, and was so designated by the trial judge at the time of his ruling upon the various motions for directed verdicts. It was, and should have been, entirely disregarded by the court in determining motions for directed verdicts."

There is no distinction in the applicable law on this question between a motion for directed verdict and a motion for dismissal.

Good faith on the part of both plaintiff and defendant seemed to prevail, since both were cooperative in handling the rejected part of the shipment in such a manner as would reduce the damage; however, plaintiff fell short of proving a cause of action as alleged in its complaint, either by the testimony or its exhibits, which failed to disclose the cause of rejection of the shipment, and which could have been for several reasons not involving negligence of defendant.

The judgment is reversed.

MR. JUSTICE CLARK dissents.

MR. CHIEF JUSTICE STONE did not participate in the consideration of this case.