433 P.2d 47

**Robert Evans NEWMAN, Appellant,**

v.

**Cesari G. PIAZZA, Appellee.**

**No. 2 CA–CIV 185.**

Court of Appeals of Arizona.

Nov. 3, 1967.

Rehearing Denied Nov. 30, 1967.

Lesher, Scruggs, Rucker, Kimble & Lindamood, by Thomas A. Zlaket, Tucson, for appellant.

Miller & Pitt, by Richard L. McAnally, Tucson, for appellee.

MOLLOY, Judge.

The defendant appeals from a judgment on a jury verdict in favor of plaintiff. Among the questions presented on appeal are whether the trial court properly gave an instruction on wanton negligence and whether it properly refused an instruction on excessive speed.

The suit arises from an accident occurring when the plaintiff's car ran into the rear of the defendant's vehicle while it was parked in the middle of the eastbound lanes of East Broadway, Tucson, Arizona. Broadway, at this point, is a main arterial roadway for east-west traffic in the City of Tucson. At the scene of the accident, Broadway is a six-lane street, which is divided by an island in the center of the roadway. The defendant's vehicle was stopped in the middle of a block in the center of the three eastbound lanes. The accident occurred at approximately 2 p. m. On the day in question, the weather was clear and there were no traffic-control devices at the point where the accident occurred.

The defendant's stated reason for having stopped his car in the center of the street was that he was trying to stop a car driven by one McCoskey. According to the defendant, he recognized McCoskey as a driver who "shook his fist" at the defendant previously on this day and he wanted to "talk" to him about this. The defendant drove his car immediately in front of McCoskey's vehicle as it was proceeding east on Broadway, and gradually slowed down, forcing McCoskey's car to a stop. However, when the defendant got out of his car and came back towards McCoskey, it occurred to McCoskey that something other than a friendly discussion was about to ensue and he pulled around to the right of defendant's car, proceeding east. As he passed the defendant in the street, the defendant slapped or struck the rear window of McCoskey's car with sufficient force to break it. McCoskey proceeded to the next opening in the Broadway divider, and made a "U" turn to obtain the defendant's "license number." Thereupon, the defendant crossed the divider on foot, leaving his mother and son in his car in the middle of the street, to intercept McCoskey. At this time, the plaintiff's car collided with the rear of defendant's car.

The plaintiff testified that the reason he struck defendant's vehicle was because a car was proceeding directly in front of him and veered sharply to avoid hitting the stopped vehicle, leaving the plaintiff insufficient time to stop his car before the collision occurred. The jury awarded plaintiff the sum of $6,000 damages for the injuries he sustained as the result of the accident, and this appeal followed.

The trial court gave an instruction to the effect that if the defendant was guilty of wanton negligence, contributory negligence would be no defense. The defendant does not complain of the form of this instruction, but contends that the instruction went outside the issues framed by the pretrial order and that there was not sufficient evidence to support the instruction in any event.

An examination of the record discloses that the only objection made to the giving of this instruction was that there was not sufficient evidence in the record to support the instruction, and we therefore do not consider the contention that the instruction was a variance from the pretrial order. Rule 51(a), R.Civ.P., 16 A.R.S.

As to the question of whether there was sufficient evidence to support an instruction on gross and wanton negligence, we believe the trial court was faced with a dilemma. In this state, it is reversible error to give an instruction on a legal theory as to which there is not substantial evidence, Butane Corporation v. Kirby, 66 Ariz. 272, 187 P.2d 325 (1947), Salinas v. Kahn, 2 Ariz.App. 348, 409 P.2d 64 (1965), and it is equally reversible error not to give an instruction on a legal theory within the issues of the case which is supported by substantial evidence. Trauscht v. Lamb, 77 Ariz. 276, 270 P.2d 1071 (1954).

In Butane Corporation v. Kirby, supra, our Supreme Court quoted with approval

from the Restatement of Torts § 500, Comment *a*, as follows:

"'* * * Although conduct to be reckless must be negligent in that it is unreasonable, it must be something more than negligent. It must not only be unreasonable, but it must contain a risk of harm to others in excess of that necessary to make the conduct unreasonable and therefore, negligent. *It must involve an easily perceptible danger of substantial bodily harm or death and the chance that it will so result, must be great.'*" (Emphasis added) 66 Ariz. at 289, 187 P.2d at 336.

Since this pronouncement, a new Restatement has been published, which has downgraded to some extent the requirements of this concept:

"The actor's conduct is in reckless disregard of the safety of another if he does an act or intentionally fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also *that such risk is substantially greater than that which is necessary to make his conduct negligent.*" (Emphasis added) Restatement (Second) of Torts § 500, at 587 (1965).

In Scott v. Scott, 75 Ariz. 116, 252 P.2d 571 (1953), our Supreme Court said:

"Wanton negligence is highly potent, and when it is present it fairly proclaims itself in no uncertain terms. It is 'in the air', so to speak. It is flagrant and evinces a lawless and destructive spirit." 75 Ariz. at 122, 252 P.2d at 575.

■ In Nichols v. Baker, 101 Ariz. 151, 416 P.2d 584 (1966), our Supreme Court indicated that a wanton negligence instruction should be given if there is any substantial evidence to support the instruction, though such evidence must be more than "* * * slight and inconclusive * * *." 101 Ariz. at 153, 416 P.2d 584.

■ We believe that an element of recklessness was sufficiently present in this record—sufficiently "in the air"—to support a submission of this theory for the jury's consideration. It is a well-known fact that rear-end collisions are common on our highways today.[1] Many of them occur when cars are stopped for a signal light, where drivers might anticipate the presence of stopped vehicles. We believe that the defendant, if he had been using the judgment of a reasonable person on the occasion in question, would have realized that sooner or later, and probably sooner, the parking of his car in this position on a heavily traveled street would result in an accident. Our Supreme Court has previously had occasion to comment upon the difficulty of ascertaining at first glance whether a car is stopped or in movement. Brand v. Rose Trucking Company, 102 Ariz. 201, 427 P.2d 519, 524 (1967).

■ In ruling upon the request to instruct on the duty to drive at an appropriate reduced speed when special hazards exist, the trial court was faced with the same inescapable dilemma. We affirm the decision not to give the instruction because of the paucity of evidence indicating excessive speed.

In Casey v. Marshall, 64 Ariz. 232, 168 P. 2d 240 (1946), the court said:

"The rule has been established in this court that instructions which go to the *gist* of the action, and which are justified by the evidence, must be given." (Emphasis added) 64 Ariz. at 239, 168 P.2d at 245.

Certainly, speed is not the "gist" of the plaintiff's contributory negligence in the instant case. The defendant himself testified that the plaintiff was proceeding at the normal speed for traffic on Broadway and there is no direct evidence that the plaintiff was driving too fast other than that he drove into the back of a parked car which he probably should have seen. The only

---

1. According to "Accident Facts," a publication of the National Safety Council, 1967, at 46, out of a total of 14,500,000 motor-vehicle traffic accidents in urban areas in 1966, 3,000,000, or 20.7%, were of the "rear-end collision" type.

evidence pointed out in the appellant's brief to justify the requested instruction is that the accident happened in broad daylight, on a bright, clear day, on a wide highway which was in good and dry condition, at a time when the traffic was "relatively light." From these facts, we conceive that the "gist" of the plaintiff's problem was either following too close to the vehicle ahead, or failing to keep a proper lookout. The jury was instructed that the plaintiff would be guilty of contributory negligence if he failed to meet the test of a reasonably prudent and careful person, in the stock language used in all negligence cases, and was further instructed that it would be negligence per se to violate A.R.S. § 28–730, subsec. A, which statute was read to the jury in this language:

> " 'The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard *for the speed of the vehicles* and the traffic upon and the condition of the highway.' " (Emphasis added)

The jury was further instructed that one may not ignore an "obvious danger," although created by another's misconduct, where it should have been "reasonably apparent." We feel that the giving of these instructions adequately and fairly presented the "gist" of the appellant's defense theory, and it was not error to refuse the speed instruction.

[6] The appellant further complains of admitting in evidence testimony as to the series of events involving the defendant with the other driver, McCoskey, contention being made that this evidence was immaterial to this action and prejudicial. We have well established in this jurisdiction the evidentiary principle that litigants are entitled to submit to the triers of fact evidence of events which "complete the story," even when such events constitute a crime. State v. Hardin, 99 Ariz. 56, 59, 406 P.2d 406 (1965); State v. Norgard, 6 Ariz.App. 36, 429 P.2d 670 (1967); and see Udall, Arizona Law of Evidence § 115, at 229–30 (1960). We believe that in this action it

would have been very difficult to have kept from the jury's knowledge the events immediately preceding this accident. McCoskey was an eyewitness to the accident and it would have been most awkward to have him describe what he saw at this time without involving in some degree the series of events leading up to the defendant's being afoot, attacking McCoskey's car, while his own car was being rear-ended in the middle of Broadway.

As a matter of fact, the defendant made no objection to any of the evidence admitted as to these preceding events, except as to the testimony of McCoskey that he had driven close to the defendant earlier that day in another area of the City of Tucson, and had "waved" to the defendant on that occasion. While this evidence might not have been admissible under the "complete the story" theory, there was nothing prejudicial to the defendant admitted at this time and we refuse to reverse for error as inconsequential as this, if it be error. Ariz. Const. art. 6, § 27, A.R.S.

■ The appellant also complains of the refusal to give an instruction that a person is required to drive so as to be able to stop within the radius of his vision. We believe the requested instruction would be a violation of the law of this state as determined in LeRoy v. Phillips, 97 Ariz. 263, 399 P.2d 669 (1965); Michie v. Calhoun, 85 Ariz. 270, 273, 336 P.2d 370 (1959); Wolfswinkel v. Southern Pacific Company, 81 Ariz. 302, 305 P.2d 447 (1956), adhered to 82 Ariz. 33, 307 P.2d 1040 (1957); and Butane Corporation v. Kirby, 66 Ariz. 272, 187 P.2d 325 (1947).

■■ The appellant complains that the $6,000 award was excessive. The evidence established that the plaintiff incurred out-of-pocket expenses up to the date of trial in the approximate amount of $500. The jury could have found that he lost seven months of work as a barber and that his regular earnings were $120 per week. Plaintiff sustained physical injuries from which he was still suffering at the time of the trial and there was medical evidence

that he would continue to suffer physical disabilty in the future for a period of six months to one year. At the time of the trial, he was still undergoing cervical traction to alleviate pain in his neck. The initial responsibilty for reducing excessive verdicts is with the trial court, and in this case the trial court has approved the amount of the verdict. We do not find that the conscience of this court is "shocked" by the amount of the award and therefore we do not tamper with this jury determination. Stallcup v. Rathbun, 76 Ariz. 63, 66, 258 P.2d 821 (1953).

The appellant further contends that it was error to give an instruction that the jury could allow damage for "future consequence of claimed injury," providing that such damages were "certain to ensue." There was evidence that the plaintiff would continue to experience pain and suffering as the result of this accident and we see no error in the giving of this instruction as far as the defendant is concerned. Hirsh v. Manley, 81 Ariz. 94, 300 P.2d 588 (1956).

As to the appellant's last contention, we are not convinced that the verdict here was the result of "passion and prejudice."

Judgment affirmed.

HATHAWAY, C. J., and KRUCKER, J., concur.