No. 22516.

EDWIN CARLSON D/B/A CARLSON TRUCKING COMPANY *v.* JOHN W. HOUSE.
(466 P.2d 71)

Decided March 9, 1970.

COIT and WALBERG, KEITH J. VANDERBERGE, PETER W. PRYOR, for plaintiffs in error.

PETER J. LITTLE, for defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE MCWILLIAMS.

THE issue to be resolved is whether the plaintiff's evidence in a negligence action arising out of a two-car rear-end collision was sufficient to carry the case to the jury. The trial court held that the plaintiff's evidence was legally insufficient to warrant submission of the matter to the jury and granted the defendant's motion to dismiss which had been interposed at the conclusion of plaintiff's presentation of evidence. By this writ of error the plaintiff now seeks reversal of the judgment thus entered dismissing his claim for relief.

A brief summary of the evidence adduced by the plaintiff — viewed in a light most favorable to him — is in order. Although the record is surprisingly sketchy on detail, it would appear that one Andrew Chargingcrowe slammed the passenger car which he was driving into the rear-end of a moving truck while both vehicles were proceeding southward on Valley Highway into Denver. Chargingcrowe died in the accident. The truck in question was owned by the plaintiff, the Carlson Trucking Company, and was being driven by one of its employees.

Carlson Trucking Company then brought suit against one John W. House for the damage to its truck and for

the loss of its use while being repaired. House owned the vehicle which Chargingcrowe was driving and House was riding as a passenger in the vehicle on the right-hand side of the front seat when the accident occurred.

Plaintiff's evidence disclosed that House first met Chargingcrowe and the latter's friend in a lower downtown Denver bar. This chance introduction ripened into a much warmer friendship under the mellowing effect of whiskey. The three eventually determined to move the scene of their drinking activities to a bar north of Denver and they then proceeded to drive to this particular spot in House's vehicle. The evidence is unclear as to just who drove the vehicle on this particular trip, though presumably it was one of the threesome. In any event, after whiling away some time in this second watering place, the three decided to call it quits, at least for the time being, and return to Denver. House then permitted Chargingcrowe to drive his car on the return trip and it was while thus returning to Denver that the fatal accident occurred.

As indicated, there is some uncertainty as to which one of House's newly found friends was really driving the vehicle when the accident occurred. Counsel makes some effort to justify the action taken by the trial court on this uncertainty in the plaintiff's evidence. However, such was not the reason given by the trial court for dismissing the case. And actually it does not make much difference whether the driver of the vehicle was named Chargingcrowe or something else. The real issue, as recognized by the trial court, is whether the plaintiff established *prima facie*, an agency relationship between House and his driver, whatever the latter's name. However, for the purposes of this opinion we will identify the driver as Chargingcrowe.

It is the plaintiff's position that it made a strong *prima facie* case of negligence on the part of Chargingcrowe and that under the rationale of *Lasnetske v. Parres*, 148 Colo. 71, 365 P.2d 250 and *Moore v. Skiles*, 130 Colo.

191, 274 P.2d 311 it also made at least a *prima facie* showing that at the time of the accident Chargingcrowe was acting as an agent for House. In such case, argues the plaintiff, Chargingcrowe's negligence would be imputed to House and hence it was error for the trial court to dismiss the complaint.

It is the defendant's basic position that assuming an initial *prima facie* showing of such a relationship between Chargingcrowe and House as would permit the former's negligence to be imputed to the latter, the plaintiff's own evidence nevertheless showed also that such agency relationship was unilaterally terminated by the principal, House, a few moments before the accident. This argument is based primarily on an answer given by the highway patrolman upon cross-examination and secondarily on an answer given on cross-examination by the driver of the plaintiff's truck.

In direct examination the patrolman testified that House stated that he owned the car which was being driven by Chargingcrowe that he had "allowed the man to drive the vehicle." On cross-examination the patrolman testified concerning further conversation he had with House at Colorado General Hospital about two hours after the accident. According to the witness, House stated that "as they were coming back from this bar out north, after he had allowed the man to drive the car, he then asked him to stop because he wanted to drive the car himself and the subject refused — and the man in the back seat began fighting with him in the car."

As indicated, the plaintiff's driver on cross-examination testified that he had heard from some unknown party that there was "some scuffling" going on in the car just prior to the collision. This particular testimony is of course hearsay in nature and though not initially objected to, counsel did eventually move to strike it. The trial court, however, never did rule on the motion to strike; rather it granted the motion to dismiss and then said that the motion to strike was moot.

Whether the statements attributed to House, even if taken at face value, equate to a revocation as a matter of law of any agency relationship is at least a debatable one in view of the rather peculiar facts and circumstances of the case. The plaintiff's evidence certainly warranted the inference that all of the occupants of House's car were in such an advanced state of inebriation that it was most difficult to thereafter unravel the tangled events of the evening. In any event we hold that a plaintiff who has otherwise made a *prima facie* case is not to be denied his right to have his case submitted to a jury because of a self-serving statement, hearsay in nature, made by the defendant to one of plaintiff's witnesses. On the state of the record before us, the trial court erred in granting the defendant's motion to dismiss.

█ In support of our resolution of this controversy, see *Wheelock Bros. v. Lindner Co.*, 130 Colo. 122, 273 P.2d 730 and *Skinner v. Satterfield*, 121 Colo. 365, 216 P.2d 431, where we held that evidence which is purely hearsay should be entirely disregarded by a court in determining a motion for directed verdict. See also, *Kirkham v. Hickerson Bros.*, 162 Colo. 125, 425 P.2d 34.

In our disposition of the matter we are not to be understood as indicating that the probable outcome of the controversy should be recovery by the plaintiff. We recognize that the defendant has not as yet put on his evidence. And if upon retrial House's evidence unfolds along the lines indicated by his counsel in opening statement, the jury — and not the judge — will undoubtedly have to resolve the controversy. In any event, the trial court erred in granting the defendant's motion to dismiss interposed upon the conclusion of plaintiff's presentation of evidence.

The judgment is reversed.

MR. JUSTICE DAY, MR. JUSTICE KELLEY and MR. JUSTICE LEE concur.