522 P.2d 772

**ARIZONA CONTAINER CORPORATION, an Arizona corporation, Appellant and Cross-Appellee,**

**v.**

**CONSOLIDATED FREIGHTWAYS, Appellee and Cross-Appellant.**

**No. 2 CA–CIV 1528.**

Court of Appeals of Arizona, Division 2.

May 30, 1974.

Rehearing Denied June 17, 1974.

Stanley Krotenberg, Tucson, for appellant and cross-appellee.

Robertson, Molloy, Fickett & Jones, P. C. by Michael J. Meehan, Tucson, for appellee and cross-appellant.

HOWARD, Judge.

This appeal arises from litigation instituted by Arizona Container Corporation against two defendants: (1) The vendor of a machine purchased by Arizona Container and (2) Consolidated Freightways which had transported the machine from California to Tucson. The complaint alleged that Arizona Container had purchased the equipment at a cost of $13,850, that its delivery was handled by Consolidated Freightways at an approximate cost of $500 and that the machine was damaged at the time of delivery. Recovery in the amount of the purchase price and the freight charges was sought. The case was tried to a jury and at the conclusion of the plaintiff's case, the court directed a verdict in favor of the vendor.[1] The issue of Consolidated Freightways' liability was submitted to the jury which returned a verdict in favor of the plaintiff in the sum of $14,292. Judgment was duly entered thereon.

Consolidated Freightways filed a motion for remittitur or in the alternative, a new

1. Judgment thereon was duly entered and the attempted appeal therefrom was subsequently dismissed in this court on jurisdictional grounds.

trial. The court ordered a new trial based upon excessive damages having been awarded to the plaintiff, limiting the new trial solely to the issue of damages. It further ordered that a new trial be denied provided plaintiff's counsel consent to a remittitur of $12,251.49. The court expressly found that the jury verdict was not justified by the evidence in that the machine, subject matter of the lawsuit, was repairable; plaintiff was still in possession of the machine; the jury erroneously included the cost of freight in its verdict; the jury failed to follow the court's instructions; and the basic question of damages was improperly considered by the jury.

The major portion of appellant's brief is devoted to evidentiary matters and legal principles governing the rights and liabilities of a seller and buyer *inter se*. They have absolutely no bearing on the correctness of the jury verdict against Consolidated Freightways which the trial court, in granting the remittitur/or new trial on the issue of damages, ruled was unsupported by the evidence. Appellant contends the trial court abused its discretion in granting an excessive remittitur and that the trial judge handled this trial in an unreasonable manner. Consolidated Freightways has cross-appealed, the substance of which seeks to enlarge its right, i. e. it contends that either judgment should have been entered in its favor or a new trial granted on all issues.

■■ The initial responsibility for reducing excessive verdicts is with the trial court. Newman v. Piazza, 6 Ariz.App. 396, 433 P.2d 47 (1967). By ordering a remittitur instead of setting aside the verdict the trial judge apparently determined that the verdict was not the result of passion or prejudice. Alires v. Southern Pacific Company, 100 Ariz. 6, 409 P.2d 714 (1966). Appellate courts do not interfere with reduction of verdicts unless it can be said that the verdict was so excessive as to be without support in the evidence or was the result of some extrinsic consideration such as bias, passion or prejudice on the part of the jury. Howard P. Foley Company v. Harris, 10 Ariz.App. 78, 456 P.2d 398 (1969). In the case of Creamer v. Troiano, 108 Ariz. 573, 503 P.2d 794 (1972), the Arizona Supreme Court stated:

"From what we have written, it is obvious that the test for reviewing the granting or refusing of a trial judge's adjustment of a verdict is complex and can only be solved by an ad hoc approach. Almost always when there is a conflict in the evidence, the trial judge should not interfere with what is peculiarly the jury's function, and if he does not, we will nearly always uphold him. If there is no conflict in the evidence on items that obviously were omitted from the verdict, the trial judge must adjust, and we will upheld him if he does. Behind all these tests still stands the original doctrine—that if the verdict is supported by adequate evidence, it will not be disturbed, and the greatest possible discretion is in the hands of the trial judge. In this court, the ultimate test will always be justice, and any case before us which shows an unjust result because of the granting or denial of either additur or remittitur, will be reversed. Each case will be considered upon its own facts." 108 Ariz. at 576–577, 503 P.2d at 797.

We find no error in the trial court's order which is the subject of this appeal and cross-appeal. The amount of damages awarded by the jury was clearly not justified by the evidence but the issue of Consolidated Freightways' liability was properly submitted to it.

■ Contrary to appellant's position, all the evidence reflects that the machinery was repairable. The fact that it was not "operatable" after some repairs had been completed did not render it "unrepairable". All of the testimony presented by appellant reflects that with additional repairs (which it had not undertaken) the machinery would operate in the same fashion as if it had been delivered intact. The effect of the remittitur was to allow appellant the sum of $2,041.51, which was clearly correct since this was the total amount established by

appellant as the cost of repairs necessary to restore the machine. Furthermore, the jury erroneously included the freight charges paid by appellant in its verdict and the trial court properly excluded same. 13 C.J.S. Carriers § 272.

We do not agree with appellee that it was entitled to a directed verdict at the close of appellant's case. When appellant established the fact that the machinery was in good condition when turned over to Consolidated and was damaged when delivered, a prima facie case was made and the burden shifted to the carrier to show lack of negligence. Wheelock Bros. v. Lindner Packing & Provision Co., 130 Colo. 122, 273 P. 2d 730 (1954); Pacific Intermountain Exp. Co. v. Leonard E. Conrad, Inc., 88 Nev. 569, 502 P.2d 106 (1972).

When, as here, the shipped merchandise is damaged while in the hands of the carrier, a presumption arises that such damage was due to the carrier's negligence and the burden is on the carrier to show it was free from negligence or that, notwithstanding its negligence, damage occurred without its fault. Lavagetto v. Railway Express Agency, 34 Wash.2d 578, 209 P.2d 371 (1949); Watson Bros. Transp. Co. v. Domenico, 118 Colo. 133, 194 P.2d 323 (1948); 13 C.J.S. Carriers § 254j (2); 14 Am.Jur.2d Carriers § 618. Consolidated Freightways presented no explanation as to how the damage occurred or that it was occasioned by some cause excepting it from absolute liability. Under these circumstances it was proper for the jury to find Consolidated was negligent. John I. Haas, Inc. v. American Export Lines, Inc., 237 Md. 73, 205 A.2d 223 (1964); Missouri Pacific Railway Co. v. Elmore & Stahl, 377 U.S. 134, 84 S.Ct. 1142, 12 L.Ed.2d 194, rehearing denied, 377 U.S. 984, 84 S.Ct. 1880, 12 L.Ed.2d 752 (1964).

Appellee claims the trial court erred in instructing the jury, over objection, that a common carrier is an insurer against the loss of or damage to property received by it for transportation. Its argument is that there was no evidence that Consolidated was a common carrier. Suffice it to say that this argument is without merit. Documentary evidence in the form of a bill of lading and a letter written by the carrier itself reflects otherwise. Furthermore, the matter is a proper subject of judicial notice. 29 Am.Jur.2d Evidence § 95.

For the foregoing reasons, we find no abuse of the trial court's discretion in ordering a remittitur or a new trial on the issue of damages.

Order affirmed.

HATHAWAY, C. J., and KRUCKER, J., concur.