612 P.2d 1061

**Charles J. MAXWELL, next of friend of Jeffrey Jon Maxwell, Appellee,**

v.

**Celia Sharon GOSSETT and Thomas G. Gossett, husband and wife, Appellants.**

No. 14676.

Supreme Court of Arizona,
In Division.

June 2, 1980.

Burch, Cracchiolo, Levie, Guyer & Weyl, P. A. by Barry A. MacBan, Daniel P. Jantsch, Thomas G. Bakker, Phoenix, for appellee.

Hoffman, Salcito & Stevens, P. A. by Gene C. Stevens, James W. Evans, James W. Fritz, Phoenix, for appellants.

CAMERON, Justice.

This is an appeal by the defendants from an award of $15,250 for injuries to Jeffrey Jon Maxwell, a minor, as a result of an intersection accident. We have jurisdiction pursuant to Rule 19(e), Rules of Civil Appellate Procedure, 17A A.R.S.

Defendants contend on appeal that the trial court erred in refusing to give instructions relating to various statutory duties and responsibilities of one who operates a bicycle on the public streets.

The facts necessary for a determination of this matter on appeal are as follows. The intersection of 8th Avenue and Alma School Road is located in Mesa, Arizona. 8th Avenue runs east and west, and Alma School Road runs north and south. At the northwest corner of the intersection is a U-Totem convenience market, and to the east of the intersection, on the south side of 8th Avenue, is the Ida Redbird School.

From the northwest corner, where the U-Totem Market is located, to the northeast corner, is a clearly marked crosswalk. On the morning of 1 February 1977, ten year old Jeffrey Maxwell was on his way to the Ida Redbird School. He stopped for candy at the U-Totem Market, put the candy in his pocket, and proceeded to ride his bicycle from the northwest corner to the northeast corner, in the marked crosswalk. At about the same time, the defendant, Mrs. Gossett, was proceeding west on 8th Avenue intending to make a right (north) turn onto Alma School Road, at the same intersection. The traffic light was green, and she made her right turn, ran into Jeffrey, and he was injured.

The court instructed the jury on contributory negligence by a child of Jeffrey's age, but refused defendants' instructions concerning alleged violation of the Arizona traffic laws. Defendants' offered instructions were as follows:

"*R.A.J.I. Negligence 7—Violation of Statute*

"If you find that any party to this suit violated any of the following laws, then that party is negligent. You should then determine whether that negligence was a cause of the Plaintiff's injury.

"*§ 28–812, A.R.S., Traffic laws apply to persons riding bicycles*

"Every person riding a bicycle upon a roadway shall be granted all of the rights and shall be subject to all the duties applicable to the driver of a vehicle by this chapter, except as to special regulations in this article, and except as to those provisions of this chapter which by their nature can have no application.

"*§ 28–101, A.R.S., Definitions*

"In this title, unless the context otherwise requires:

"40. 'Safety-zone' means the area or space officially set apart within a roadway for the exclusive use of pedestrians and which is protected or is so marked or indicated by adequate signs as to be plainly visible at all times while set apart as a safety zone.

"*§ 28–831, A.R.S., Driving through safety zone prohibited*

"No vehicle shall at any time be driven through or within a safety zone.

"*§ 28–815 A., A.R.S., Riding on roadways and bicycle paths; prohibition of motor vehicle traffic on bike paths*

"Every person operating a bicycle upon a roadway shall ride as near to the right side of the roadway as practicable, exercising due care when passing a standing vehicle or one proceeding in the same direction."

We will consider the failure to instruct as to each of the statutes cited by defendant.

### A.R.S. § 28–815(A)

This statute requires that bicycles must be ridden on the right side of the road or with the traffic. Jeffrey was riding his bicycle in the crosswalk at the intersection. Whether he had been operating the bicycle on the left side, contrary to the statute, before he entered the crosswalk, whether he intended to continue operating his bicycle on the roadway, contrary to statute, after he left the crosswalk, or even whether he intended to ride his bicycle on the available sidewalk on the north side of 8th Avenue, is immaterial as to whether he was negligent while riding his bicycle in the crosswalk. We agree with the New Mexico Court of Appeals which stated in a similar case:

"The accident occurred at the intersection of Chelwood, a north-south street, and Menaul, an east-west street. The trial court found that decedent was proceeding in a southerly direction on Chelwood at the time of the accident. The Wylie vehicle was traveling in an easterly direction on Menaul. Even if we accept defendants' contention that decedent was operating his bicycle on the left side of Chelwood in violation of the statutes alluded to, we must uphold the trial court's finding of absence of contributory negligence.

\* \* \* \* \* \*

" \* \* \* Here the evidence sustains an inference that the collision would not have been avoided even if the decedent had been obeying the statutory mandates

relating to traffic flow. The violation of the statutes, if any, did not even cause or contribute to the accident in fact. * * " *Wilson v. Wylie*, 86 N.M. 9, 12, 518 P.2d 1213, 1216 (1973).

Causation is still a part of the law of negligence, *Pacht v. Morris*, 107 Ariz. 392, 489 P.2d 29 (1971), and we find no causal connection between the fact that Jeffrey may have been riding on the left hand side of the street before he stopped at the U-Totem Market and the accident which occurred while he was in the crosswalk at the intersection.

"In this state, it is reversible error to give an instruction on a legal theory as to which there is not substantial evidence, (citations omitted) and it is equally reversible error not to give an instruction on a legal theory within the issues of the case which is supported by substantial evidence." *Newman v. Piazza*, 6 Ariz. App. 396, 398, 433 P.2d 47, 49 (1967).

The instruction, if given, would have been error.

### A.R.S. § 28–831

█ This statute states "no vehicle shall at any time be driven through or within a safety zone." By definition, a safety zone is set apart for the exclusive use of pedestrians, A.R.S. § 28–101(40), and, assuming a bicycle is a vehicle for the purposes of the statute, it would have been equally violative of the statute for either Jeffrey or Mrs. Gossett to drive or ride their vehicles in such a safety zone. We are not concerned in the instant case with a safety zone, however. Jeffrey was not crossing the street in a safety zone. He was crossing the street in a crosswalk as defined by A.R.S. § 28–602(2)(a) and (b), and the safety zone statutes have no applicability to the facts in this matter. We find no error.

### A.R.S. § 28–812

█ Finally, defendants contend that by this statute, A.R.S. § 28–812, the automobile traffic laws apply to persons riding bicycles, and that, when read with A.R.S. § 28–831 defining safety zones and A.R.S.

§ 28–602(2) which defines crosswalks, it is unlawful to ride a bicycle in a crosswalk. We agree that this section generally applies the same traffic laws to riders of bicycles as it does to drivers of motor vehicles. The statute excludes, however, provisions "which by their nature have no application." We do not read the cited statutes as prohibiting the riding of a bicycle in a crosswalk.

We are aware that teachers and concerned parents regularly instruct their children to dismount and walk their bicycles through the crosswalks or major intersections, and that their children, just as regularly, ignore this sound advice. However, this is a question of general contributory negligence for which the jury was properly instructed. It was not negligence based upon a violation of the statute. We find no error.

We note also that some courts have held that a crosswalk is not a part of the roadway for the purposes of the statute. In a case wherein a minor was hit by an automobile as she was riding her bicycle in an intersection, the Washington Court of Appeals, construing a Washington statute almost identical to ours, has stated:

" * * * Miller contends that at the time of the accident, Kelley Ann was a bicyclist subject to the requirements of the Motor Vehicle Code, RCW 46.61.755; the Crawfords contend that she was a pedestrian. RCW 46.04.400. The instruction directed the jury to determine which law applied. RCW 46.61.755 reads as follows:

Every person riding a bicycle upon a roadway shall be granted all of the rights and shall be subject to all of the duties applicable to the driver of a vehicle by this chapter, except as to special regulations in RCW 46.61.750 through 46.61.780 and except as to those provisions of this chapter which by their nature can have no application.

"This statute does not apply because it governs the rider of a bike in a 'roadway,' which is defined as 'the paved, improved, or proper driving portion of a public high-

way designed, or ordinarily used for vehicular travel.' RCW 46.04.500. A crosswalk is not a roadway." *Crawford v. Miller*, 18 Wash.App. 151, 152–53, 566 P.2d 1264, 1265–66 (1977).

Judgment affirmed.

STRUCKMEYER, C. J., concurs.

HAYS, Justice, specially concurring:

I concur in the result. However, I am disturbed by the fact that the legal duties and obligations of persons on bicycles are not defined in the law. Some bicyclists ride with traffic, others ride facing traffic, and of course some ride in the crosswalk. Our statutes give no indication of what is and what is not appropriate. I think this is a matter for the legislature and I hope that they will take the time to determine what should be the rights and the obligations of those who use bicycles in today's heavy traffic.