791 P.2d 365

**Neil ROSENTHAL and Linda Rosenthal, husband and wife, individually and as natural parents of Brian Wayne Rosenthal, a minor child, Plaintiffs/Appellees,**

v.

**COUNTY OF PIMA, Arizona, a body politic, Defendant/Appellant.**

No. 2 CA–CV 89–0249.

Court of Appeals of Arizona, Division 2, Department B.

April 19, 1990.

Snell & Wilmer by Terrence A. Jackson, Tucson, for plaintiffs/appellees.

Stephen D. Neely, Pima County Atty. by Michael E. Owen, Tucson, for defendant/appellant.

## OPINION

LIVERMORE, Presiding Judge.

On October 4, 1987, 16–year–old Brian Rosenthal sustained a broken collar bone when the bicycle on which he was riding collided with a Pima County Sheriff's Department patrol car driven by Deputy Sanford Rosenthal. The accident occurred as Brian was bicycling westbound in a bike lane on the left side of a road designated one-way eastbound. Deputy Rosenthal was beginning to enter eastbound traffic when he noticed the bicycle coming toward him. He immediately braked and came to a complete stop. Brian, who was travelling at 10–15 miles per hour, noticed that the deputy was not looking toward him, but nevertheless failed to slow down or take other precautionary measures. As the bicycle crossed in front of the patrol car, its left pedal struck the left push bar of the car's bumper. Apparently unable to remove his feet from the bicycle's toe clips and regain his balance, Brian fell to the pavement.

Arbitration resulted in an award to plaintiffs of $2,500. The county appealed and the case was tried before a jury which found damages of $1,000 and found Brian to be fifty percent negligent. Upon plaintiff's motion, the trial court granted an additur of $4,000, resulting in a net award of $2,500. The county raises several issues on appeal. Because we decide in its favor on the first issue, we need not address the others.

At the outset of trial, the judge informed the jury that, as a matter of law, Brian did not violate the law by riding his bicycle the wrong way on a one-way street. By so instructing the jury, the trial court apparently agreed with appellees' argument that, while those who ride their bicycles in roadways are generally subject to the same traffic laws as drivers of vehicles, *Maxwell v. Gossett*, 126 Ariz. 98, 612 P.2d 1061 (1980), those who ride in bike paths, because they are not roadways, are not. The argument both defies logic and is contrary to the express statutory language of A.R.S. §§ 28–728 and 28–811.

Section 28–728 provides that a vehicle driven upon a roadway designated and signposted for one-way traffic is to be driven only in the direction designated. Sec-

tion 28–811(B) provides that the regulations contained in Title 28, Chapter 6, which includes § 28–728, "in their application to bicycles shall apply when a bicycle is operated ... upon any path set aside for the exclusive use of bicycles subject to those exceptions stated in this article." Read in conjunction, §§ 28–728 and 28–811 clearly provide that it is unlawful to ride a bicycle in a bike path against traffic on a one-way street.

Reversed.

FERNANDEZ, C.J., and LACAGNINA, J., concur.