[No. 4232–1.   Division One.   July 18, 1977.]

KELLEY ANN CRAWFORD, ET AL, *Respondents,* v.
MARTIN WILLIS MILLER, *Appellant.*

*Julin, Fosso & Sage, H. C. Fosso,* and *Eugene H. Sage,*
for appellant.

*Bogle & Gates* and *James A. Smith, Jr.,* for respondents.

WILLIAMS, J.—Kelley Ann Crawford and her father, Fred
B. Crawford, brought this action against Martin Willis
Miller to recover for injuries sustained and expenses
incurred when she was struck by an automobile driven by
Miller while riding her bicycle in an unmarked crosswalk.

Trial to a jury resulted in a verdict in the Crawfords' favor, but with a finding that Kelley Ann was 50 percent contributorially negligent. On the Crawfords' motion, the court granted a new trial on the issues of liability and damages because of error in an instruction on the relative rights, duties and status of Kelley Ann and Miller at the time of the accident. In his appeal, Miller assigns error to the granting of a new trial on the issue of damages and to the giving or refusal to give certain instructions.

The accident occurred as follows: On August 10, 1972, a truck stopped in the northbound curb lane of the West Valley Highway, a 4–lane paved road, at its intersection with West Smith Street in Kent. Kelley Ann stepped from the curb on the truck's right, pushing her bicycle. When she was about in the middle of the curb lane, in front of the truck, she sat on the bike and began to peddle. Miller, who had been following the truck, waited behind it for a time and then moved to the left to pass in the inside lane, striking Kelley Ann as she crossed in front. She sustained a compound fracture of the leg and other, minor injuries.

In its special verdict, the jury awarded $6,000 to Kelley Ann and $1,500 to her father. It also found Kelley Ann 50 percent contributorially negligent, reducing the awards to $3,000 and $750.

■ The parties and the trial court are agreed that the instruction on the relative rights, duties and status of Kelley Ann and Miller was in error, but for different reasons. Miller contends that at the time of the accident, Kelley Ann was a bicyclist subject to the requirements of the motor vehicle code, RCW 46.61.755; the Crawfords contend that she was a pedestrian. RCW 46.04.400. The instruction directed the jury to determine which law applied. RCW 46.61.755 reads as follows:

> Every person riding a bicycle upon a roadway shall be granted all of the rights and shall be subject to all of the duties applicable to the driver of a vehicle by this chapter, except as to special regulations in RCW 46.61.750 through 46.61.780 and except as to those provisions of

this chapter which by their nature can have no application.

This statute does not apply because it governs the rider of a bike in a "roadway," which is defined as "the paved, improved, or proper driving portion of a public highway designed, or ordinarily used for vehicular travel." RCW 46.04.500. A crosswalk is not a roadway. Kelley Ann's duty was to exercise ordinary care for her own safety and the safety of others. *Burnham v. Nehren,* 7 Wn. App. 860, 503 P.2d 122 (1972).

In addition to the general duty to drive his automobile in a reasonable manner so as not to injure another in his person or property, *Presleigh v. Lewis,* 13 Wn. App. 212, 534 P.2d 606 (1975), Miller was governed by RCW 46.61.235(4), which reads:

> Whenever any vehicle is stopped at a marked crosswalk or at any unmarked crosswalk at an intersection to permit a pedestrian to cross the roadway, the driver of any other vehicle approaching from the rear shall not overtake and pass such stopped vehicle.

The truck had stopped to permit a pedestrian, Kelley Ann, to cross the roadway, and Miller, approaching from the rear, should not have overtaken and passed it. Miller suggests that the imperative of the statute ceased when Kelley Ann mounted her bicycle. We do not believe that that has any bearing on the situation except as it pertains to Kelley Ann's exercise of ordinary care for her own safety.

■ Concerning the damages, Miller contends that a new trial is not warranted as to them; the Crawfords contend that the damages awarded were inadequate and that the trial court acted within its discretion in granting a new trial as to that issue as well as on the question of liability. *Greenwood v. Olympic, Inc.,* 51 Wn.2d 18, 315 P.2d 295 (1957). Each party had full opportunity to present evidence on the question of damages, which was submitted to the jury under proper instructions. Miller timely made objection to the entry of the retrial order as to damages. CR 46. Although considering the damages awarded "low," the trial

judge found them to be within the evidence and not so low as to justify a new trial on that basis alone.

Heretofore, when contributory negligence was a total defense, the practice was to grant a retrial of the damage issue when the error concerned liability in a close case because of the likelihood of a compromise verdict. *Shaw v. Browning,* 59 Wn.2d 133, 367 P.2d 17 (1961). It was felt that in such a case, the jury fashioned its own comparative negligence rule. V. Schwartz, *Comparative Negligence* § 21.1 (1974). That problem has been eliminated, it is said, by the adoption of the comparative negligence formula, RCW 4.22.010, and use of the special verdict form. Prosser, *Comparative Negligence,* 51 Mich. L. Rev. 465 (1953); Haugh, *Comparative Negligence: A Reform Long Overdue,* 49 Ore. L. Rev. 38 (1969). Justice does not require resubmission of the entire case to the jury where the award is not so low as to, by itself, justify a new trial, because the jury has the opportunity to decide the liability and damage issues separately without facing the uncomfortable results often required by the application of the harsh contributory negligence rule. This court has said, by way of dicta, in *Stratton v. U.S. Bulk Carriers, Inc.,* 3 Wn. App. 790, 478 P.2d 253 (1970), that a new trial may be had on the issue of liability alone. *See also* Annot., 34 A.L.R.2d 988 (1954).

In granting a new trial, the court must give definite reasons of law and fact, CR 59(f), as to why the damage issue should be retried. None appears in the record.

The order granting a new trial is affirmed as to liability and reversed as to damages.

SWANSON and CALLOW, JJ., concur.

Petition for rehearing denied November 2, 1977.

Review by Supreme Court pending June 2, 1978.