[No. 47618-7. En Banc. May 13, 1982.]

JOSEPH E. BORDYNOSKI, ET AL, *Respondents*, v. JAMES P. BERGNER, ET AL, *Petitioners*.

*McCush, Kingsbury, O'Connor, Ludwigson, Thompson & Hayes,* by *Martha V. Gross,* for petitioners.

*Robert E. Beaty,* for respondents.

BRACHTENBACH, C.J.—A boy was struck from behind by a car driven by defendant. He suffered severe injuries and has retrograde amnesia.

The collision occurred on a 2–lane undivided highway in Whatcom County. Joey Bordynoski, then almost 14, was bicycling with a 14–year–old friend, Mike George. Both

boys were riding in a westerly direction in the westbound lane with Mike close to the center line and Joey close to the right edge of the road. They were traveling 17 to 20 m.p.h. down a gentle slope.

Defendant Bergner, who frequently traveled the road, was likewise traveling in the westbound lane. He testified that he first saw the boys when he was several hundred feet behind them. Bergner testified that when Mike was about 100 feet ahead of his car and Joey was about 50 feet ahead, he honked his horn to warn Mike, who was "weaving" across the center line of the road. He was less concerned about Joey, who was traveling close to the right edge of the road. Bergner testified that neither boy looked back after he honked.

Mike then crossed the center line to his left and continued to ride in a westerly direction in the eastbound lane. Bergner continued to travel at a speed which would enable him to pass between the boys. Conflicting testimony establishes his speed as between 20 and 35 m.p.h. At about the same time, Joey began to turn to the left to follow his friend. Joey was in the middle of the westbound lane when he looked back over his shoulder and realized that he was pulling into the path of Bergner's vehicle. Apparently startled by the proximity of Bergner's car, Joey made a sharp turn to the right in an effort to avoid a collision and "the bicycle slid out from under him". Joey fell off the bicycle and "slid into [Bergner's] path and underneath" the car. Bergner braked, but hit Joey, who was dragged approximately 80 feet before the car stopped. Joey suffered serious injuries and was rendered unconscious. Because of retrograde amnesia, he was unable to testify concerning the accident.

The Bordynoskis filed suit asserting a claim on behalf of Joey for pain and suffering and medical expenses. The trial judge directed that Joey was negligent as a matter of law and that such negligence was a proximate cause of his injuries. The trial judge left it to the jury to determine whether Bergner was negligent and to fix the relative fault of the

two. The jury, answering a special verdict form, determined that Bergner was not negligent.

The Court of Appeals in an unpublished opinion reversed the trial court, holding that the trial judge erred in ruling as a matter of law that Joey was contributorially negligent and that this negligence was a proximate cause of his injuries. We agree with the Court of Appeals, and set forth our analysis of the three issues presented.

The issues are: (1) whether it was error to rule as a matter of law that the bicyclist was contributorially negligent; (2) whether it was error to rule as a matter of law that such contributory negligence was a proximate cause of the accident; and (3) if the court erred on either or both of these issues, whether the error was harmless.

I

■ The trial judge directed a verdict that plaintiff was contributorially negligent and that this negligence was a proximate cause of plaintiff's injuries, thus removing these issues from the jury's determination. The rule is that a directed verdict should be granted only when it can be held as a matter of law that there is no evidence or reasonable inference therefrom to sustain a jury verdict for the non-moving party. *Cherberg v. Peoples Nat'l Bank,* 88 Wn.2d 595, 564 P.2d 1137 (1977); *Shelby v. Keck,* 85 Wn.2d 911, 541 P.2d 365 (1975); *Hemmen v. Clark's Restaurant Enters.,* 72 Wn.2d 690, 434 P.2d 729 (1967); *Browning v. Ward,* 70 Wn.2d 45, 422 P.2d 12 (1966); *Schwab v. Department of Labor & Indus.,* 69 Wn.2d 111, 417 P.2d 613 (1966); *Boley v. Larson,* 62 Wn.2d 959, 385 P.2d 326 (1963); *Helman v. Sacred Heart Hosp.,* 62 Wn.2d 136, 381 P.2d 605 (1963). Moreover, a finding of contributory negligence as a matter of law should be made "only in the clearest of cases" and "a condition precedent for such a determination is a conclusion that reasonable minds could not have differed in their interpretation of the factual pattern." *Browning v. Ward, supra* at 48–49; *Boley v. Larson, supra; O'Dell v. Chicago, M., St. P. & Pac. R.R.,* 6 Wn. App. 817,

496 P.2d 519 (1972).

With these rules in mind, we turn to the facts of this case. Under Washington's laws governing vehicular traffic, Joey Bordynoski could assume the following as he was riding his bicycle: (1) that a following vehicle would "not follow . . . more closely than is reasonable and prudent, having due regard for [Joey's] speed," RCW 46.61.145; (2) that a passing vehicle would do so "without interfering with the operation of any vehicle . . . overtaken." RCW 46.61-.120; (3) that vehicles behind him would be "driven upon the right half of the roadway, except . . . [w]hen overtaking and passing [him] . . . under the rules governing such movement", RCW 46.61.100(1)(a); (4) that if he was to "give way to the right in favor of the overtaking vehicle" there would be an "audible signal", RCW 46.61.110(2); and (5) that a following driver would not drive "at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing", RCW 46.61.400(1). Given these statutorily granted assumptions, we cannot conclude that Joey was contributorially negligent as a matter of law.

In addition, a directed verdict was inappropriate, for reasonable minds could differ in their interpretation of the factual pattern. For example, there is a factual question as to whether Bergner honked his horn. Mike George testified he did not hear the horn and Joey was apparently startled at the close proximity of Bergner's car when he became aware of it. Bergner testified that neither boy looked after he honked; therefore, he could have reasonably concluded that the boys were not aware of his presence. In addition, Mike's left turn could have been interpreted as reasonable notice to Bergner of the potential hazard of his companion turning in the same direction. Viewing these facts and inferences in the light most favorable to plaintiff Joey, reasonable minds could conclude that Bergner was negligent and that his negligence was the sole proximate cause of the accident. Therefore, we hold that the trial judge erred in directing that plaintiff was contributorially negligent as a

matter of law.

## II

■ We also find that the trial judge erred in directing that plaintiff's contributory negligence was a proximate cause of the accident. The rule for determining proximate cause is well established:

> We have decided that usually the question of proximate cause is for the jury, and it is only when the facts are undisputed and the inferences therefrom are plain and incapable of reasonable doubt or difference of opinion that it may be a question of law for the court.

(Citations omitted.) *Mathers v. Stephens,* 22 Wn.2d 364, 370, 156 P.2d 227 (1945); *Harris v. Burnett,* 12 Wn. App. 833, 532 P.2d 1165 (1975).

In its unpublished opinion, the Court of Appeals analyzes how the proximate cause issue could be controverted:

> According to Bergner's testimony, Joey was approximately in the center of the right lane when Joey saw Bergner's car and lost control of his bicycle. Because a "person operating a bicycle upon a roadway shall ride as near to the right side of the roadway as practicable . . .," RCW 46.61.770, a jury could conclude Joey violated this provision and was, therefore, negligent. But even if Joey was closer to the center line than he ought to have been, he lost control when attempting to turn right. The subsequent leftward "slide" of bicycle and rider precludes a conclusion that Joey's earlier leftward movement was, as a matter of law, a proximate cause of the accident. A trier of fact could reasonably conclude that, but for Joey's loss of control after he was startled by Bergner's approaching car, the accident would not have occurred, and that Joey's antecedent negligence, if any, was not a proximate cause of the accident.

*Bordynoski v. Bergner,* No. 7681-0-I, Dec. 17, 1980, at 3-4.

As stated above, the facts regarding defendant's speed, his honking of the horn, and his awareness of the potential hazard of Joey turning left are disputed and the inferences are not plain. That these facts and inferences are capable of reasonable doubt and difference of opinion is demonstrated in the Court of Appeals analysis and in the fact that the

trial court reached one result and three judges of the Court of Appeals came to a different conclusion. The Court of Appeals concluded:

> Considering the totality of circumstances and viewing the evidence most favorably to young Bordynoski, we conclude any negligence on his part cannot be said to be a proximate cause of his injuries as a matter of law.

Bordynoski v. Bergner, *supra* at 5. We agree.

## III

Finding that the trial court erred in directing as a matter of law that Joey was contributorially negligent and that this negligence was a proximate cause of his injuries, the final issue is whether this error was harmless. We hold that it was not.

■■ We have stated that issues of negligence and contributory negligence are so intertwined that they cannot realistically be dealt with as separate issues.

Usually, negligence and contributory negligence cannot be separated with scalpellic precision. In *Farrow v. Ostrom,* 10 Wn.2d 666, 667, 117 P.2d 963 (1941), the court said:

> The questions of negligence and contributory negligence are usually so intimately related that the latter cannot be determined without reference to the former. There is no more justification for the court to hold a plaintiff guilty of contributory negligence as a matter of law than there is to hold a defendant guilty of negligence as a matter of law. *Richmond v. Tacoma Railway & Power Co.,* 67 Wash. 444, 122 Pac. 351.

(Citation omitted.)

> Inherent in either or both negligence and contributory negligence is the question of proximate cause—a jury question unless it can be said that the minds of reasonable men cannot differ.

*Gaines v. Northern Pac. Ry.,* 62 Wn.2d 45, 49, 380 P.2d 863 (1963); *see also Godfrey v. State,* 84 Wn.2d 959, 530 P.2d 630 (1975); *Kelley v. Bruch,* 91 Idaho 50, 415 P.2d 693 (1966). To say that the trial court's rulings were harmless error would require the separation of the concepts of negli-

gence, contributory negligence, and proximate cause with scalpellic precision. Under the facts and circumstances of this case, this cannot be done.

It is presumed that the jury obeys the instructions of the court. *Municipality of Metro Seattle v. Kenmore Properties, Inc.*, 67 Wn.2d 923, 410 P.2d 790 (1966); *State v. Gay*, 82 Wash. 423, 144 P. 711 (1914). In this case, one instruction to the jury read:

> You are instructed that the plaintiff [Joey Bordynoski] was contributorily negligent as a matter of law and that such negligence was a proximate cause of his injury.
>
> This leaves for your determination the negligence of the defendant [Bergner].

This instruction, in effect, told the jury that one interpretation of the facts (that plaintiff was negligent) was more correct than another interpretation (that only Bergner was negligent). Given the unresolved factual issues discussed above, this instruction may have had a prejudicial effect on the jury's determination of defendant's negligence.

The jury in this case was presented with a special verdict form with the first question being, "Was the defendant negligent?" The jury answered this in the negative, and the form instructed them not to answer any further questions. Petitioner Bergner argues that because the jury was instructed to answer the questions in the order given, they necessarily did not consider the issue of plaintiff's fault when answering the first question regarding defendant's negligence. This argument ignores, however, the persuasive strength of the trial judge's instructions to the jury. The jury was told as a matter of law that plaintiff was contributorially negligent and that this was a proximate cause of the accident. This instruction was given prior to the time the jury answered the question on the special verdict form. Therefore, it is not logical to conclude that the directed verdict did not affect the jury's deliberations.

Furthermore, the jury did, in fact, answer the questions on the special verdict form pertaining to plaintiff's negligence and its causal connection to the injuries, and their

answers were consistent with the trial judge's rulings on these issues. These answers support our conclusion that the jury's verdict may have been prejudicially colored by the erroneous rulings and instructions given by the trial judge.

Petitioner's reliance on the case of *American Oil Co. v. Columbia Oil Co.*, 88 Wn.2d 835, 567 P.2d 637 (1977), for his argument that the judge's directed verdicts were harmless error is misplaced. In *American Oil* we stated at page 842 that "Error relating solely to the issue of damages is harmless when a proper verdict reflects nonliability." This is true because the issue of damages can be, and often is, logically separated from the issue of liability. For example, a person may be guilty of wrongdoing where no actual damages can be shown. It is neither logical nor usual, however, to separate the interrelated issues of negligence, contributory negligence, and proximate cause. *Gaines v. Northern Pac. Ry., supra; Godfrey v. State, supra.* Therefore, *American Oil* is not germane to the issues before us.

Finding that the directed verdicts on the issues of contributory negligence and proximate cause were in error and that this error was not harmless, we remand the case for a new trial consistent with this opinion. This disposition makes it unnecessary for us to comment on the parties' disputes over other instructions.

ROSELLINI, STAFFORD, UTTER, DOLLIVER, WILLIAMS, and DIMMICK, JJ., and COCHRAN, J. Pro Tem., concur.