[No. 29607-8-I. Division One. February 8, 1993.]

CARLA YURKOVICH, *Individually and as Administratrix,* ET AL, *Respondents,* v. MALCOLM O. ROSE, ET AL, *Appellants.*

644

*Michael A. Patterson* and *Lee, Smart, Cook, Martin & Patterson, P.S., Inc.; Malcolm L. Edwards, Catherine Wright Smith,* and *Edwards, Sieh, Wiggins & Hathaway, P.S.,* for appellants.

*Allen M. Ressler* and *Browne, Ressler & Jones; James E. Deno* and *Deno, Millikan, Dale & Decker,* for respondents.

SCHOLFIELD, J. — Gary Hebener, individually, and Carla Yurkovich, individually and as administratrix of the estate

of Amanda Hebener, brought this action against defendants/ appellants Malcolm Rose and Jane Doe Rose, Ronald and Jane Doe Crawford, the Sultan Public School District 311, and the Index Public School District 63, alleging that the negligence of the defendants caused the vehicle-pedestrian accident which killed Amanda Hebener after her departure from a school bus on October 28, 1986. From a judgment in favor of plaintiffs Yurkovich and Hebener, defendants Rose and the school districts appeal. We affirm.

## FACTS

The essential facts to be described here are largely undisputed. On October 28, 1986, at about 6 p.m., while crossing State Route (SR) 2 east of Goldbar, Washington, 13-year-old Amanda Hebener was struck and killed by a car driven by Ronald Crawford. Moments before the accident, Amanda, a student in the Sultan School District, had been let off a school activity bus driven for the Index School District by Malcolm Rose. Rose, traveling eastbound on SR 2, had pulled the bus over to the southeast corner of an unmarked intersection to let Amanda off. After exiting the bus, Amanda walked to the rear of the bus and began to cross the highway as the bus pulled away. The Crawford vehicle, traveling westbound, struck Amanda as she crossed over the center line into the westbound lane.

At the trial in September and October 1991, evidence was presented establishing that the manner in which Rose discharged Amanda from the bus was in violation of statute and administrative code. Rose failed to activate the bus' stop bar and warning lights prior to letting Amanda off, as required by former RCW 46.61.370(2), failed to keep her within his view at all times, and did not require her to cross in front of the bus, as required by WAC 392-145-020(4).

At the close of the evidence, the court directed a verdict of negligence against defendants Rose and the Index and Sultan School Districts, but left the issues of proximate cause and comparative fault for the jury. The court believed that the only way the jury could find that Rose had met the

applicable "highest standard of care" was if one of three exceptions to former RCW 46.61.370(2) excused him from activating the bus' stop bar and warning lights. Finding none of the statutory exceptions applicable, the court ruled that there were no facts, disputed or undisputed, that would allow the jury to find that the defendant school districts and bus driver had met the applicable standard of care. The jury found the school districts and Rose 96 percent responsible for Amanda's death, while finding Amanda's comparative fault to be 4 percent. Crawford was found not liable.

The appellants raise four general issues in this appeal. They claim that the trial court (1) improperly directed a verdict against them on the issue of negligence; (2) erred in refusing to instruct the jury that they were not guarantors of Amanda Hebener's safety; (3) erred in refusing to allow the jury to consider evidence as to why a bus "stop bar" was not used, and (4) erred in refusing to instruct the jury regarding defendants' theory pertaining to assumption of the risk by Amanda Hebener.

### FINDING OF NEGLIGENCE AS A MATTER OF LAW

Appellants contend they are entitled to a new trial because the trial court erroneously directed a verdict that they were negligent based on their violation of statutory and administrative standards. They argue that RCW 5.40.050 provides that breach of a duty imposed by statute or administrative rule may only be considered as evidence of negligence.

RCW 5.40.050 reads as follows:

> A breach of a duty imposed by statute, ordinance, or administrative rule shall not be considered negligence per se, but may be considered by the trier of fact as evidence of negligence; however, any breach of duty as provided by statute, ordinance, or administrative rule relating to electrical fire safety, the use of smoke alarms, or driving while under the influence of intoxicating liquor or any drug, shall be considered negligence per se.

A motion for a directed verdict on an issue may be granted only if it can be said, as a matter of law, that no

evidence or reasonable inferences exist to sustain a verdict on that issue for the party opposing the motion. The evidence must be considered in the light most favorable to the nonmoving party. *Bender v. Seattle*, 99 Wn.2d 582, 587, 664 P.2d 492 (1983).

The effect of the court's ruling in this case was that defendants had breached a duty owed to Amanda Hebener and were, therefore, negligent as a matter of law.

■ The defendants Rose and the school districts, as operators of a school bus, owed Amanda Hebener the highest standard of care consistent with the practical operation of the bus, including the time a student leaves the bus and completes crossing the highway, when that is necessary for the student to reach her home. The trial court correctly described the duty in this case, relying upon the common law, statutes, and administrative code.

Under the common law, school bus operators owe child passengers a duty of the highest degree of care consistent with the practical operation of the bus. *Webb v. Seattle*, 22 Wn.2d 596, 602, 157 P.2d 312, 158 A.L.R. 810 (1945). Standards for school bus drivers are also governed by statutes and administrative code. RCW 46.37.190(2) requires that school buses be equipped with a " 'stop' " signal or sign, as well as signal lamps for the display to the front of two alternating flashing red lights visible for up to 500 feet. Subject to limited exceptions not applicable here, these signals must be activated by the school bus driver whenever the bus is stopped on the highway for the purpose of receiving or discharging school children. Former RCW 46.61.370(2). Additional requirements for school bus drivers are provided in WAC 392-145-020:

> (4) School bus drivers shall have the primary responsibility for the safety of passengers while they are boarding the bus, while they are on the bus, and while they are disembarking the bus and crossing the roadway. If passengers must cross the road, the driver shall take reasonable action to assure that they cross safely. The driver shall take reasonable action to assure that passengers boarding or disembarking from the bus are within his/her view at all times and that they pass in front of the bus and never behind the bus.

■ Respondents assert that the above legislative enactments should be adopted by this court as a reasonable person's standard of conduct under the 4-part test set forth in *Hansen v. Friend*, 118 Wn.2d 476, 824 P.2d 483 (1992).[1] Under *Hansen*, this court may adopt legislative enactments as a reasonable person's standard of conduct if the purpose of the enactments is found exclusively or in part:

> (a) to protect a class of persons which includes the one whose interest is invaded, and
> (b) to protect the particular interest which is invaded, and
> (c) to protect that interest against the kind of harm which has resulted, and
> (d) to protect that interest against the particular hazard from which the harm results.

*Hansen*, at 480-81 (quoting Restatement (Second) of Torts § 286 (1965)). The laws at issue in this case are designed to protect school-age children, such as Amanda Hebener, who ride school buses. The interest to be protected is the health and safety of such persons. The kind of harm to be protected against is harm from motor vehicles. Finally, death or injury from motor vehicles is the hazard to be protected against.

■ The provisions of former RCW 46.61.370(2), RCW 46.37.190(2), and WAC 392-145-020(4) meet the 4-part test set forth in *Hansen*. These provisions, together with the common law duty of school bus operators, establish the standard of conduct of a reasonable school bus driver.

Appellants contend, however, that the trial court found them negligent as a matter of law solely on the basis of statutory and administrative code violations, a result prohibited by RCW 5.40.050. They assert that a directed verdict on the issue of negligence is proper only where no reasonable person could have found them free from fault for dropping Amanda off on the side of SR 2. Appellants argue there was ample evidence that they did not act unreasonably.

■ At trial, appellants attempted to justify their drop-off procedure with evidence that on past occasions vehicles

---

[1] Appellants do not dispute that the statutes and WAC regulation help establish their standard of care.

would ignore stopped buses and attempt to pass on the left or right, exposing children to extreme danger. The court properly sustained respondents' objections to this testimony as immaterial. Although evidence of justification or excuse for violating applicable statutes and codes is relevant to the question of negligence,[2] appellants presented no evidence that hazards from passing vehicles on the night of the accident justified their violation of the law. *See Houck v. UW*, 60 Wn. App. 189, 201-02, 803 P.2d 47 (evidence properly excluded where it related to neither the place nor the actual time of the accident), *review denied*, 116 Wn.2d 1028 (1991).

Furthermore, the possibility that an approaching motorist may fail to heed the stop sign on a school bus would not, in the circumstances of this case, excuse or justify the bus driver's violation of law in failing to use the stop sign.

Appellants further contend that the Sultan School District conferred with the Washington State Patrol regarding the problem of vehicles not stopping for buses, and was advised to let children off on the side of the highway without stopping traffic. They claim that the court improperly excluded this evidence as hearsay because it was relevant to their state of mind in determining to discharge students in the manner the court found to be negligent.

The court heard extensive argument in limine as to whether this evidence should be admitted. Appellants sought to call a witness named Oroville Pallo, who allegedly would testify that the State Patrol was contacted sometime before the accident and that, as a result of this contact, the school districts changed their policy of making stops on the highway. Appellants claim they were not offering statements made by the State Patrol, but only that the witness should be able to testify that a consultation with the State Patrol occurred. Respondents claim that the evidence should be excluded because it

---

[2]*See Bowen v. Baumgardner*, 6 Wn. App. 18, 21, 491 P.2d 1301 (1971) (circumstances may arise where it is entirely proper, in the exercise of reasonable care, to violate an ordinance). *See also* RCW 5.40.050.

was not known which state trooper made the alleged statement, when the alleged statement was made, or to whom.

The court ruled that any statements made by State Patrol representatives were hearsay and not admissible. However, the court further stated:

> In the context of explaining why the district changed its policy, if there is a witness who indicates that one of the things he or she did during the investigation of that change in policy was to speak to a member of the state patrol as opposed to the state patrol in terms of some organizational question, he can say he talked to a state trooper. I will allow that and that's subject to cross-examination and who, what and why.

■ ■ The court's evidentiary ruling can be overturned only for an abuse of discretion. *See Houck*, at 201. There was no abuse of discretion here. The appellants wanted to present evidence the State Patrol was consulted and they then changed procedures after the consultation. Evidence cannot be presented that an event occurred in the absence of a witness with personal knowledge or other assurances of reliability approved by the Rules of Evidence. ER 602; 5A K. Tegland, Wash. Prac., *Evidence* §§ 217-218 (3d ed. 1989). The trial court ruled that a witness with personal knowledge of a consultation with a representative of the State Patrol would be allowed to testify. The defendants failed to produce such a witness. The court's later rulings during the course of the trial were not inconsistent with its in limine ruling on this issue.

Appellants also claim Amanda's age, maturity, and familiarity with the area, as well as her awareness of transportation alternatives, are factors minimizing the risk of harm, and thus, are circumstances to be considered in evaluating their duty to her. As authority for this proposition, appellants cite *Benjamin v. Seattle*, 74 Wn.2d 832, 834, 447 P.2d 172 (1968), where the court stated, "The quantum of care owed to an alighting passenger may vary with the age, size, and physical condition of the passenger and the position of the vehicle from which [the] passenger alights."

██ *Benjamin* represents the rule applied generally to a common carrier. School buses are a specialized type of carrier with specific duties above those of a common carrier. The laws in this case governing school bus operators establish uniform guidelines that do not vary according to the age of the student, his or her familiarity with the surroundings, or other individual factors. Such factors are only to be considered as evidence of contributory negligence and do not impact the statutorily imposed standard of care involved in this case.

Finally, appellants contend that under *Bordynoski v. Bergner*, 97 Wn.2d 335, 644 P.2d 1173 (1982), a directed verdict on negligence is inappropriate where there is evidence that either or both the plaintiff and defendant were negligent and that their negligence was a proximate cause of the accident. In *Bordynoski*, the trial court had ruled that a bicycle rider struck by a passing car was contributorily negligent as a matter of law and that his negligence was a proximate cause of his injuries. *Bordynoski*, at 337. The jury subsequently returned a verdict finding the driver of the car not negligent. *Bordynoski*, at 338.

On appeal, the *Bordynoski* court stated that "a finding of contributory negligence as a matter of law should be made 'only in the clearest of cases' and 'a condition precedent for such a determination is a conclusion that reasonable minds could not have differed in their interpretation of the factual pattern.'" (Citations omitted.) *Bordynoski*, at 338 (quoting *Browning v. Ward*, 70 Wn.2d 45, 48-49, 422 P.2d 12 (1966)). The court ruled that, given statutorily granted assumptions governing vehicle traffic, it could not be said that the bicycle rider was contributorily negligent as a matter of law. *Bordynoski*, at 339. Moreover, the court held that a directed verdict was inappropriate because reasonable minds could differ in their interpretation of the fact pattern.

The *Bordynoski* court also found error in the trial court's directed verdict as to proximate cause. It was in the context of the court's discussion of whether the directed verdict was

harmless that it stated "issues of negligence and contributory negligence are so intertwined that they cannot realistically be dealt with as separate issues." *Bordynoski*, at 341.

We do not interpret *Bordynoski* as precluding a directed verdict as to defendants' negligence is this case. Unlike the situation in *Bordynoski*, the evidence here is undisputed that appellants breached the standard of care owed to Amanda Hebener. The evidence is clear, in fact, that the defendant bus driver did not use his stop sign or flashing lights, did not keep Amanda in his view until she was safely across the street, and permitted her to go to the back of the bus before crossing the highway, all in violation of clear legislative and/ or administrative code requirements. There is no competent evidence to suggest that defendants, in dropping off a 13-year-old girl on the side of a highway when it was virtually dark and without taking any precautions to ensure that she crossed safely, met the highest degree of care consistent with the practical operation of the school bus. It is uncontested that appellants violated legislative enactments specially designed to protect the safety of children riding school buses. They have produced no admissible evidence to justify or excuse these violations. From this evidence, reasonable minds can reach only one conclusion, and that is that the defendants Rose and the school districts violated the duty of care they owed to Amanda Hebener.

We do not interpret RCW 5.40.050 as meaning that a trial court cannot under any circumstances find negligence as a matter of law where violations of statutes, ordinances, or administrative rules are involved. The statute eliminates evidence of a violation alone being used to support a finding of negligence per se. It permits a defendant to explain the circumstances and show excuse or justification for the apparent violation.

It is a basic tenet of trial practice that issues where there is no evidence or reasonable inference therefrom to sustain a verdict against the nonmoving party should be decided as a matter of law. *Bordynoski*, at 338, and cases cited therein.

Where the evidence fails to create an issue for the trier of fact, it promotes justice and conserves judicial resources to decide it as a matter of law. This fundamental tenet does not lose its force simply because the evidence of negligence includes evidence of violations of statutes, ordinances, or administrative rules. If the state of the evidence meets the test for decision as a matter of law, it would serve no useful purpose to submit that issue to the trier of fact for decision. The challenge faced by the courts is in making the determination that negligence has or has not been established as a matter of law.

In this case, the violation of the applicable statutes and administrative code provision cannot be denied. RCW 5.40-.050 permits a defendant shown to have violated the literal requirements of a statute, ordinance, or administrative rule to present evidence of excuse or justification and leaves it to the trier of fact to determine whether the violation should be treated as evidence of negligence. The defendants' efforts at showing excuse or justification failed in this case. This left the trial court no choice but to rule that negligence had been established as a matter of law.

### INSTRUCTION ON GUARANTOR OF SAFETY

Appellants contend that they are entitled to a new trial because the jury was misled when the trial court instructed it both as to appellants' statutory duties and that they were negligent as a matter of law, without informing the jury that appellants were not guarantors of Amanda Hebener's safety.

The jury was not misled by the instructions, and an instruction that defendants were not guarantors of Amanda Hebener's safety was not necessary. The trial court left to the jury for determination the issues of the negligence of Crawford, the driver of the car that struck Amanda, as well as the issue of Amanda's contributory fault, and the issue of proximate cause. The jury had to be informed of the law governing defendants' conduct in order to evaluate Craw-

ford's actions, because Crawford was entitled to act on the assumption that defendants would follow the law.[3]

On this issue, the defendants contend that the trial court erred in refusing the following proposed instruction:

> A school district, in the operation of district-owned buses has a duty to its passengers to use the highest degree of care consistent with the practical operation of a school bus and type of activity for which the bus is used. However, a school district is not a guarantor of the safety of its passengers.

While the first sentence of this instruction is a correct statement of the law on the duty of a common carrier, the court's directed verdict on the issue of defendants' negligence rendered it superfluous.

█ Under some circumstances, it is appropriate for the court to instruct the jury that a common carrier is not a guarantor of the plaintiff's safety. *See Kaiser v. Suburban Transp. Sys.*, 65 Wn.2d 461, 468, 398 P.2d 14, 401 P.2d 350 (1965); WPI 100.01. However, there was no need for the court to do so here, because the instructions as a whole adequately conveyed the same message.[4] The instructions permitted defendants to argue that Amanda Hebener, Ron Crawford, or both were negligent and proximately caused plaintiffs' injuries.

---

[3]Instruction 16 provided: "Every person has the right to assume that others will use ordinary care and comply with the law, and a person has a right to proceed on such assumption until he or she knows, or in the exercise of ordinary care should know, to the contrary."

[4]Instruction 6 informed the jury of defendants' claim that Ron Crawford, and/or Amanda Hebener herself, caused plaintiffs' damage. Instruction 8 stated that plaintiffs had the burden of showing that the defendants' negligence was a proximate cause of the injuries. The jury was instructed that it could find that Ron Crawford was negligent and that his negligence proximately caused plaintiffs' injuries. The jury was provided with an instruction on the definition of ordinary care of a child in order to evaluate Amanda's actions. The jury was given a definition of proximate cause and instructed that there may be one or more proximate causes of an injury. Finally, it was provided with an instruction on contributory negligence.

## Proposed Instruction on Assumption of Risk

Appellants contend that they are entitled to a new trial because the trial court erred in refusing to instruct the jury that plaintiffs' damages must be reduced by Amanda Hebener's assumption of the risk of crossing SR 2. The respondents assert that the proposed instruction on assumption of risk was properly refused because it is an affirmative defense that the defendants neither pleaded nor proved. Defendants did plead contributory negligence.

 Whether we call it contributory negligence or assumption of risk, in this case there is no practical difference. The jury was instructed on Amanda's negligence and found she was 4 percent at fault. In *Scott v. Pacific West Mt. Resort*, 119 Wn.2d 484, 496, 834 P.2d 6 (1992), the court accepted the analysis dividing the assumption of the risk doctrine into four classifications: (1) express, (2) implied primary, (3) implied reasonable, and (4) implied unreasonable. *Scott*, at 496.

In its discussion, the *Scott* court stated that the last two types of assumption of risk, which involve the plaintiff's voluntary choice to encounter a risk created by the defendant's negligence, "retain no independent significance from contributory negligence after the adoption of comparative negligence." *Scott*, at 497.

The only evidence to support a finding of assumption of risk involved Amanda's actions following her exit from the bus, including her attempt to cross the highway when the Crawford automobile was close enough to present a hazard to her. This same evidence was the only basis on which to base a finding that Amanda was 4 percent at fault. It is evidence that Amanda voluntarily encountered a risk that had already been created by the negligence of the defendant. In such cases, the plaintiff's conduct is a form of contributory negligence, and if fault is found it operates only to reduce the amount of plaintiff's recovery. *Leyendecker v. Cousins*, 53 Wn. App. 769, 774, 770 P.2d 675, *review denied*, 113 Wn.2d 1018 (1989).

Thus, the defendants had the benefit of the defense. Under the facts of this case, whether it is labeled contributory negligence or assumption of risk is immaterial. The court did not err in rejecting the defendants' requested instruction on assumption of risk.

Judgment affirmed.

WEBSTER, C.J., and AGID, J., concur.

Review denied at 121 Wn.2d 1029 (1993).